USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8-4-16

Juel Roundtree

15-CV-7255 (VCE)(RLE)

Amended Complaint
Civil Action
Plaintiff demands
Trial by Jury

- against -

New York City, Ofc. Bellagamba (Shield # 2660); Ofc. Felix Schmidt (Retired), Mayor Bloomberg

Take notice, the plaintiff, Juel Roundtree hereby appears in this action Pro-se and demands that all papers be served upon them, at the address below in this matter.

Name: Juel Roundtree   I.D.# 3491505881
Address: (GRVC) 09-09 Hazen st. East Elmhurst, N.Y. 11370

Plaintiff, Juel Roundtree, Complaining of the defendants, The City of New York, Ofc. Bellagamba, and Ofc. Felix Schmidt, collectively referred to as the Defendants, upon information and belief alleges as follows:

Nature of the Action

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, priveleges, and immunities — secured to the plaintiff by the 4th, 5th, and 14th Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 (and §1985), (and arising under law and Statutes of New York State).

2. The jurisdiction of this court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage —

(1)

of a right, privelege and immunity secured to the plaintiff by the 14th Amendment to the Constitution of the United States.

3. All causes of action not relying exclusively on the afore-mentioned federal causes of action as a basis of the Court's Jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the Southern District of New York, Venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

                    Satisfaction of the Procedural Prerequisites for Suit

5. All conditions precedent to the filing of this action have been complied with. On January 2nd, 2016, after the termination of docket # 2011NY051916, the case of the actual false arrest and other claims alleged in this complaint arose, a sworn civil complaint, was served upon the defendant City of New York. The plaintiff's complaint was assigned the numbers 15-CV-7255 (VCE)(RLE) by the United States District Court - Southern District of New York and/or the City of New York's Comptroller's Ofc.

6. At least 30 days have elapsed since the service of the abovementioned notice of claim, and adjustment or payment has been deferred and/or waived authorized by 28 U.S.C. §1915 (a)(1), In Forma Pauperus (IFP) status.

7. This action pursuant to New York State and City law has been commenced within 3 years after the docket # 2011-NY051916, was decided in favor of the plaintiff Juel Roundtree under CPL 30.30. This time, being after the happening of the event upon which the claim is based. Case dismissed April 13, 2014 in plaintiff's favor.

## Parties

8. Plaintiff resides in and is a resident of the State of New York.

9. The actions which form the basis for this case all took place in Manhattan NYC, within the jurisdiction of the Southern District of New York.

10. Defendants Ofc. Bellagamba (shield #2660), and Ofc. Felix Schmidt (retired), at the time of the aforementioned events were police officers for the city of New York, acting under color of state law. They are being sued in both their individual and official capacity.

11. Mayor Michael Bloomberg was in office during the time of these events and responsible for many practices, customs, and policies of the NYPD and it's officers regarding civilians.

12. The Defendant, City of New York is a Municipality in the State of New York and employs the Defendant Police Officers.

## Factual Allegations Common To All Causes of Action

13. At approx. 1:45 A.M., on 7/13/11, the plaintiff and a friend were leaving a bar on 6st, and Avenue A, not engaged in any crimes prior to the above time or after, nor were there reports of any crimes at that location in progress.

14. At approx. 1:46 AM, an object crashes through the glass door of the bar shattering it. Plaintiff and friend walk out of door and hail a cab and get in. Seconds later, Ofc. Bellagamba, and his partner Ofc. Felix Schmidt step in front of the same cab, stopping it without probable cause, and force plaintiff and friend out, to unlawfully detain and search plaintiff and friend.

15. At 1:48 A.M, the 2 officers cuff and drag us to the bar, and question staff, who clear us both. Ofc. Bellagamba then attempts to have plaintiff pay the bar $500 to pay for the broken glass door (even though these officers were parked out front hours and saw who broke glass run away prior to our exit).

16. At 1:55 A.M., completely without probable cause, we are officially arrested for destruction of property.

17. At 2 A.M., while inside the 9th pct., plaintiff is then informed he is instead now being charged with a mystery assault against an unknown victim. Ofc. Bellagamba says he witnessed the assault and Ofc. Schmidt agrees that's what happened. This was impossible, since we saw these same 2 police sitting in their car out front since 11 p.m., when we entered the previous bar (the Pyramid Club), and as we entered the 2nd bar next door, where incident occurred. There were no physical altercations there, nor to this date has any complainant ever been produced.

18. From 2 AM to 4 AM, plaintiff and friend are held in pissy, feces riddled dirty cells, denied food and water, strip searched, and threatened by arresting officers and others. Then held over 24 hours between the 9th Pct., and central bookings to await arraignment.

19. On 7/14/11, even though plaintiff was never mirandized, nor given an explanation why,.. an arrest for destruction of property was changed to an assault against a non-existent complainant. Plaintiff is given a $500 bail, and an additional charge of harrassment is added to the assault charge.

20. Plaintiff is again stripsearched, and interred in MDC at 125 White St. for 5 days until his common-law wife can scrape up their rent money to pay the bail (the un-reasonable bail subsequent to the un-mirandized illegal detainment

(4)

and false arrest.).

21. Sometime between 7/13/11 and 7/14/11, the plaintiff's co-defendant is released un-arraigned to prevent his corraborating testimony from being utilized for plaintiff's defense. Plaintiff is arraigned, no destruction of property is mentioned, and even though staff in 2 bars told the arresting officers he had no involvement in any actionable, assaultive, or criminal acts in the vicinity, all this and any other exculpatory evidence was covered up.

22. At no time, prior to or during the above events was there reason or probable cause to arrest the plaintiff, nor was it reasonable for the defendants to believe probable cause existed.

23. Regardless of the wealth of exculpatory evidence, the lack of circumstances pointing to plaintiff's guilt, or the 2 police officers witnessing the perpetrator of the property destructions flight from the scene. The choice was still made to frame the plaintiff for various charges, and at no time did any defendants take any steps to intervene in, prevent or otherwize limit the misconduct engaged in by the defendants against the plaintiff.

24. The defendant officers intentionally and deliberately gave false statements, and or falsified public records, as well as, failed to file accurate or corrective statements, or otherwize failed to report the conduct of the defendants who engaged in the misconduct described herein as best required.

engaged in the misconduct described herein as required.

25. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer injuries, including but not limited to emotional distress, nightmares, and unwarranted severe anger bouts some or all of which may be permanent.

26. The false arrest of plaintiffs, plaintiffs wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless, and in bad faith.

27. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges, and immunities under the Fourth and Fourteenth amendments to the United States Constitution and the laws of the City of New York and the State of New York.

28. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in racist, discriminatory, and or unlawful conduct.

29. That the defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD.

30. Defendant New York City had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers and other blatant violations of the United States Constitution and rules and regulations

of the NYPD. Despite ample notice and/or knowledge of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to ensure that NYPD members engaged in police conduct in a lawful and proper manner, inclusive of use of their authority as law enforcement officers with respect to the general public and specifically the plaintiff herein.

31. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by its NYPD employees and thereby deliberately and intentionally adopted, condoned and otherwize created through deliberate inaction and negligent supervision and NYPD policy, practice and custom of utilizing illegal and impermissable searches, arrests and detentions, and manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond plaintiffs' arrest.

32. That all of the acts and omissions by the defendant officers described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

33. The existence of the unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in a long history of civil actions in state and federal courts.

34. In an order dated Nov. 25, 2009, in Colon v. City of New York, 09 CV 0008 (EDNY), the court held that:

Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other Federal and State Courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York Police Department. Despite numerous inquiries by Commissions and strong reported efforts by the

present administration — through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department — there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

35. That on more than half of the occasions where the Civilian Review Board refers substanciated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

36. That the defendant New York City has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk and the inadequate level of supervision would lead to violation of individuals constitutional rights in general, and caused the violation of plaintiffs rights in particular.

37. The actions of all defendants, acting under color of state law, deprived plaintiff of his rights, priveleges and immunities under the laws and constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

38. By these actions, defendants have deprived plaintiff of rights secured by the 4th, 5th, and 14th Amendments to the United States Constitution, in violation of 42 U.S.C. section 1983.

39. This action has been commenced within 3 years of the termination

and dismissal of docket # 2011NY051916 upon which the claim is based.

As a first Cause of Action: Against Each Defendant Officer False Arrest and False Inprisonment Under 42 U.S.C. §1983 / New York State Law

40. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 39 of this complaint as though fully set forth herein.

41. The arrest, detention and imprisonment of plaintiffs were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiffs arrest or subsequent detention.

42. As a result of plaintiffs false arrest and inprisonment, they have been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who Know them, were prevented from attending to their necessary affairs, have incurred legal expenses, failed in paying bills and otherwize damaged in character and reputation.

43. Consequently, plaintiffs have been damaged and hereby demands compensatory and punitive damages in the amount of $150,000, and/or an amount to be proven at trial against each of the defendants, individually and severally.

44. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant city is vicariously liable for the defendant officers acts as described above.

45. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

As a second Cause of Action: Against Each Defendant Officer
Malicious Prosecution Under 42 U.S.C. §1983/New York State Law

46. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through **45** of this complaint as though fully set fourth herein.

47. The commencement and continued prosecution of the criminal judicial proceeding against plaintiffs, including the arrest, the imprisonment, and the charges against plaintiffs were committed by or at the insistence of the defendant officers without probable cause or legal justification, and with malice.

48. That the defendant officers were directly involved in the initiation of criminal proceedings against the plaintiff.

49. That the defendant officers lacked probable cause to initiate criminal proceedings against the plaintiff.

50. That the defendant officers acted with malice in initiating criminal proceedings against the plaintiff.

51. That the defendant officers were directly involved in the continuation of criminal proceedings against the plaintiff.

52. That the defendant officers lacked probable cause in continuing criminal proceedings against the plaintiff.

53. That the defendant officers acted with malice in continuing criminal proceedings against the plaintiff.

54. That the defendant officers misrepresented and falsified evidence throughout all phases of the criminal proceeding.

55. That the defendant officers misrepresented and falsified evidence to prosecutors in the New York County District Attorney's Office.

56. That the defendant Officers misrepresented and withheld exculpatory

evidence from the prosecutors in the New York County District Attorney's office.

57. That the defendant officers did not make a complete statement of facts to the Prosecutors in the New York County District Attorney's Office.

58. The criminal judicial proceeding initiated against plaintiff was dismissed on April, 23, 2014, and terminated in the plaintiff's favor.

59. The arrest, imprisonment and prosecution of the plaintiffs were malicious and unlawful, because plaintiffs had committed no crime and there was no probable cause to believe that plaintiffs had committed any crimes.

60. The defendant officers actions were intentional, unwarranted and in violation of th law. The defendant officers had full Knowledge that the charges made before the Court against the plaintiffs were false and untrue.

61. As a consequence of the malicious prosecution by defendant officers, plaintiffs suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands Compensatory damages and punitive damages in the amount of $150,000, and/or an amount to be determined at trial, against defendant officers, individually and severally.

62. In addition, the defendant officers conspired among themselves to deprive plaintiff of his Constitutional rights secured by 42 U.S.C. Section 1983, and the 4th and 14th Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

63. The defendants officers acted under pretense and color of State Law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by the Defendants officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, Knowingly, and with the specific intent to deprive the Plaintiff of his Constitutional

rights secured by 42 U.S.C. Section 1983, and by the 4th and 14th Amendment to the United States Constitution.

64. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

As A Third Cause of Action: Against Each Defendant Officer:
Excessive Force Under 42 U.S.C. §1983

65. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 64 of this complaint as though fully set forth herein.

66. The level of force employed by one or more of the defendant officers was objectively unreasonable and in violation of the plaintiff's constitutional rights.

67. As a result of the aforementioned conduct of the defendant officers, the plaintiffs were subjected to excessive force, resulting in serious and severe physical injuries.

68. As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiffs suffered serious personal injuries, and his constitution rights were violated. Plaintiffs hereby demands compensatory damages and punitive damages in the amount of $ 150,000 and /or : to be determined at trial, against the defendant officers, individually and severally.

As a 4th Cause of Action: Against Each Defendant Officer:
Failure To Intervene Under 42 U.S.C. §1983

69. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 68 of this complaint as though set forth herein.

70. Each defendant officer had an affirmative duty to intervene on the plaintiffs

(12)

behalf to prevent the violation to his constitutional rights, as more fully set forth above.

71. Each defendant officer failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so. As a consequence of the defendant officers individual and/or collective actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages, personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages in the amount of $150,000, and/or an amount to be determined at trial, against the defendant officers, individually and severally.

As a 5th Cause of Action: Against Each Defendant Officer: Denial of a Constitutional Right TO A Fair Trial Under 42 U.S.C. §1983 Due to the Falsification/Fabrication of Evidence

72. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 71 of this complaint as though fully set forth herein.

73. Each defendant officer created false evidence against the plaintiffs.

74. Each defendant officer forwarded false evidence and false information to the prosecutors in the New York County District Attorney's Office.

75. Each defendant officer was directly involved in initiating criminal proceedings against the plaintiff, and lacked probable cause to do so.

76. Each defendant officer was directly involved with the continuation of criminal proceedings against the plaintiff(s), and lacked probable cause to do so.

77. Each defendant officer acted with Malice initiating and continuation of criminal proceedings against the plaintiff(s).

78. Each defendant officer misrepresented and falsified evidence throughout all

(13)

phases of the criminal proceeding and also to the prosecutors of the New York County D.A.'s Office, as well as withheld exculpatory evidence.

79. Each defendant Officer did not make a complete statement of facts to the prosecutors in the N.Y. County D.A.'s office.

80. By creating false evidence against the plaintiff(s); forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, each defendant officer violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the 5th and 14th Amendments to the U.S. Constitution.

81. As a consequence of the defendant officers' actions, the plaintiff(s) suffered loss of liberty, humiliation, mental anguish, depression, loss of wages, and his constitutional rights were violated. Plaintiff hereby demands compesatory and punitive damages in the amount of $150,000 and/or an amount to be determined at trial, against each defendant officer, individually and severally.

## As a 6th Cause of Action Against All Defendants: False Arrest, False Inprisonment, Malicious Prosecution, Excessive Force and Unlawful Search Pursuant to Article 1, Section 12, Of The New York State Constitution

82. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 81 of the complaint as though fully set forth herein.

83. The above described respective assault, battery, excessive force, false arrest, unlawful search, false inprisonment, detention and malicious prosecution of the plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest, summary punishment, and subsequent detention.

84. As a result of the above-described assault, battery, excessive force, false arrest, unlawful search, false imprisonment, detention and prosecution, the plaintiff was caused to suffer loss of liberty, personal injuries, humiliation, great mental and physical anguish, embarrassment and scorn among those who know him; was prevented from attending to his necessary affairs, and has been otherwise damaged in his character and reputation.

85. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in the amount of $ 150,000 and/or an amount to be proven at trial against the defendant officers, individually or severally.

86. The defendant officers were ...at all material times acting within the scope of their employment, and as such, the defendant city is vicariously liable for the defendant officers acts as described above.

## As a 7th Cause of Action Against The Defendant City of New York: Municipal Liability Under 42 U.S.C. § 1983

87. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 86 of this complaint as though fully set forth herein.

88. The defendant officers arrested and incarcerated the plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

89. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

90. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and it's police department.

91. The aforementioned customs, policies, usages, practices, procedures and rules of the

(15)

City of New York and its police department include, but are not limited the following unconstitutional practices:

a. Wrongfully arresting individuals on the pretext that they are/were involved in illegal vice transactions.

b. manufacturing evidence against individuals allegedly involved in illegal vice transacti

c. unlawfully searching detainee and/or their property in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband;

d. arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas); an

e. wrongfully and unreasonably brutalizing innocent members of the public, despite the lack of probable cause to do so.

92. The aforesaid event was not an isolated incident. The City and its police commissioner has been aware for some time, from lawsuits, notice of claim, Complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers unlawfully searching citizens and seizing properties, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City and its police commissioner have allowed policies and practices that allow the aforementi to persist.

93. For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a city agency, to substantiate obviously meritious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully

at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

94. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Dept. Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event, such as the matter at bar, that the CCR substantiates CCRB a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which has been done on many occasions.

95. Further, the City and its police commissioner have no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notificatio improper search and seizure practices and incredible testimony go uncorrected.

96. Additionally, according to a report of the New York City Bar association issued in 2000, the City and Kelly have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan hevesi as New York City Comptroller, in 1999 reported that there was "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

97. The existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court (Eastern District of New York), in the case of Jose Colon v. City of New York, et al (09-cv-8) and Maximo Colon v. City of New York, et al (09-cv-9), wherein the Court stated, inter alia, that "informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department", and "there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the City approving the illegal conduct of the kind now charged."

98. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

(a) The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the 4th and 14th Amendments to the Constitution of the United States.

(b) the right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the 5th and 14th Amendments to the Constitution of the United States.

(c) The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was detained.

(d) The right to be free from the use of excessive force.

99. As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the 4th, 5th and 14th Amendments, in contravention of 42 USC §1983 and the laws of New York State, and New York City without just or legal cause when defendant City of New York, by it's employees and/or agents unlawfully arrested and imprisoned the plaintiff thereby depriving him of his liberty without due process of law.

100. The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiff's constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

101. The actual principal/agent relationship between defendant City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

102. The defendant officers actions were vicious, wicked, cold hearted, intentional, malicious,

(18)

(19)

unwarranted and in violation of the law. The individual defendants had full knowledge that the charges brought against the defendant were false and untrue.

## As an 8ᵗʰ Cause of Action Against All Defendants: Negligence

103. Plaintiff repeats and realleges paragraphs 1 through 102 as if each paragraph is repeated verbatim herein.

104. As a direct and proximate result of the negligent acts and /or omissions of the defendants as set forth herein, the plaintiff(s) suffered physical injury, concious pain and suffering, medical conditions, expenses, and mental anguish.

105. That by reason of said negligence, the plaintiff suffered and still suffers pain, agony, and mental anguish. Plaintiffs experienced great financial difficulty, and loss of wages; and were deprived of pursuits and interests and this may be permanent. The defendant officers were at all material times acting within the scope of their employment, and as such, the City defendant is vicariously liable for the defendant officers acts as described above.

106. This cause of action, upon information and belief, falls within one or more of the exceptions of CPLR 160

Wherefore, plaintiff(s) respectfully requests judgement against the Defendants as follows:

1. For compensatory damages against all defendants in the amount of $750,000 and /or an amount to be proven at trial.

2. For exemplary and punitive damages against all defendants in the amount of $750,000 and /or an amount to be proven at trial.

3. For cost of suit herein, including plaintiff(s) reasonable attorney's fees; and;

4. For such other and further relief as the court deems proper.

Plaintiff(s) 1. Quel Roundtree                    7/19/16                    10
                #349-150-5881
                Quel Roundtree

Criminal Repository for NYSID Number: 6049698L on 07\27\2015 11:44 am          Page 7 of 61

-- General Violation Of Local Law
   LOC               Violation     NCIC 7399

May 07, 2014
**Sealed Upon Termination Of Criminal Action In Favor Of The Accused CPL160.50**

### ⬇ Cycle 43 ⬆

**Arrest/Charge Information**
Arrest Date: July 13, 2011 02:12 am (02:12:00)

| | |
|---|---|
| **Fax Number:** | M37160 |
| **Place of Arrest:** | NYCPD 9 |
| **Arrest Type:** | Unknown |
| **Date of Crime:** | July 13, 2011 |
| **Place of Crime:** | NYCPD 9 |
| **Criminal Justice Tracking No.:** | 64931566L |
| **Arresting Agency:** | NYCPD PCT 009 |
| **Arresting Officer ID:** | 929699 |
| **Arrest Number:** | M11661639 |
| **Arraignment:** | New York County Criminal Court |

**Arrest Charges:**

-- Criminal Mischief 3rd: Damage Another Person's Property- Amount > $250
   PL 145.05     Sub 02    Class E   Felony   Degree 3   NCIC 2999

**Court Case Information**

--**Court:** New York County Criminal Court   **Case Number:** Unknown

July 20, 2011
**District Attorney Declined Prosecution**

-- Criminal Mischief 3rd: Damage Another Person's Property- Amount > $250
   PL 145.05     Sub 02    Class E   Felony   NCIC 2999

July 20, 2011
**Sealed Upon Termination Of Criminal Action In Favor Of The Accused CPL160.50**

### ⬇ Cycle 42 ⬆

**Arrest/Charge Information**
Arrest Date: July 13, 2011 02:12 am (02:12:00)

| | |
|---|---|
| **Fax Number:** | M37166 |
| **Place of Arrest:** | NYCPD 9 |
| **Arrest Type:** | Unknown |
| **Date of Crime:** | July 13, 2011 |
| **Place of Crime:** | NYCPD 9 |

Joel Roundtree #349150588|
(GRVC) 09-09 HAzen St.
E. Elmhurst NY 11370

RECEIVED
SDNY PRO SE OFFICE

2016 AUG -4  AM 9: 08

USMP3
SDNY

U.S. Dist. Court
S.D.N.Y.
(Pro-Se Office)
500 Pearl St.
NY  NY  10007

